UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
                                                          :

UNITED STATES OF AMERICA

                                                          :    CONSENT PRELIMINARY ORDER
- v. -                                       OF FORFEITURE/
                                                          :    MONEY JUDGMENT

MICHAEL SELLICK
                                                          :    23 Cr. 330 (PAE)
              Defendant.
                                                          :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

WHEREAS, on or about June 29, 2023, MICHAEL SELLICK (the "Defendant"), among others, was charged in five counts of a seven-count Indictment, 23 Cr. 330 (PAE) (the "Indictment"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 (Count One); Hobbs Act robbery in violation of Title 18, United States Code, Sections 1951 and 2 (Counts Two and Five); and firearms use, carrying, and possession in violation of Title 18, United States Code, Sections 924(c)(1)(A)(i) and (ii) and 2 (Counts Four and Seven);

WHEREAS, the Indictment included a forfeiture allegation as to Counts One, Two, and Five of the Indictment, seeking forfeiture to the United States, pursuant to Tile 18 United States Code, Section 981(a)(1)(C) and Title 28 United States Code, Section 2461(c), any and all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of the offenses charged in Counts One, Two, and Five of the Indictment, including but not limited to a sum of money in United States Currency representing proceeds traceable to the commission of the offenses charged in Counts One, Two, and Five of the Indictment;

WHEREAS, on or about November 9, 2023, the Defendant pled guilty to Count One of the Indictment, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Indictment and agreed to forfeit,

to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Sections 2461(c), a sum of money equal to $1,636,384 in United States currency, representing proceeds traceable to the commission of the offense charged in Count One of the Indictment;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $1,636,384 in United States currency representing the amount of proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with co-defendant Samuel Sorce ("Sorce") and the forfeiture money judgment entered against him on October 18, 2023 in this case; co-defendant Vincent Cerchio ("Cerchio") and the forfeiture money judgment entered against him on October 27, 2023 in this case; co-defendant Vincent Spagnuolo ("Spagnuolo") and the forfeiture money judgment entered against him on November 1, 2023 in this case; and co-defendant Frank DiPietro ("DiPietro") to the extent a forfeiture money judgment is entered against him in this case; and

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the proceeds traceable to the offense charged in Count One of the Indictment that the Defendant personally obtained cannot be located upon the exercise of due diligence.

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorneys, Justin Horton and Alexandra S. Messiter of counsel, and the Defendant, and his counsel, David Stern, Esq. and Jeremy Schneider, Esq., that:

1.  As a result of the offense charged in Count One of the Indictment, to which the Defendant pled guilty, a money judgment in the amount of $1,636,384 in United States currency (the "Money Judgment"), representing the amount of proceeds traceable to the offense

charged in Count One of the Indictment that the Defendant personally obtained, for which the Defendant is jointly and severally liable with Sorce and the forfeiture money judgment entered against him on October 18, 2023 in this case; Cerchio and the forfeiture money judgment entered against him on October 27, 2023 in this case; Spagnuolo and the forfeiture money judgment entered against him on November 1, 2023 in this case; and DiPietro to the extent a forfeiture money judgment is entered against him in this case, shall be entered against the Defendant.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture/Money Judgment is final as to the Defendant, MICHAEL SELLICK, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. All payments on the outstanding money judgment shall be made by postal money order, bank or certified check, made payable, in this instance, to the United States Marshals Service, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Money Laundering and Transnational Criminal Enterprises Unit, One St. Andrew's Plaza, New York, New York 10007 and shall indicate the Defendant's name and case number.

4. The United States Marshals Service is authorized to deposit the payments on the Money Judgment in the Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

5. Pursuant to Title 21, United States Code, Section 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

6. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate

or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

      7.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

8.    The signature page of this Consent Preliminary Order of Forfeiture/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By:    /s/                                                                                      11/8/23
       JUSTIN HORTON /ALEXANDRA S. MESSITER              DATE
       Assistant United States Attorneys
       One St. Andrew's Plaza
       New York, NY 10007
       (212) 637-2276/2544

MICHAEL SELLICK

By:    [signature]                                                                      11/9/23
       MICHAEL SELLICK                                                     DATE

By:    [signature]                                                                      11/9/23
       DAVID STERN, ESQ.                                                    DATE
       JEREMY SCHNEIDER, ESQ.
       Rothman, Schneider, Soloway
       & Stern, LLP
       100 Lafayette Street, Suite 501
       New York, New York 10013
       Attorneys for Defendant

SO ORDERED:

Paul A. Engelmayer                                                              11/9/23
HONORABLE PAUL A. ENGELMAYER                            DATE
UNITED STATES DISTRICT JUDGE